UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL GENE ROCKWOOD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-0631 (RC) |
| ) | |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

On March 6, 2017, the Court granted in part and denied in part the Bureau of Prisons' Motion for Summary Judgment on Plaintiff's claims brought under the Freedom of Information Act ("FOIA"). The Court could not conclude that BOP had properly withheld information under FOIA Exemption 7(E), and it directed BOP to supplement the record in that regard.[1] *See* Mem. Op. and Order, ECF No. 14, at 10-12, 14. Pending before the Court are Defendant's Renewed Motion for Summary Judgment, ECF No. 15, and Plaintiff's Cross-Motion for Summary Judgment, ECF No. 17. For the reasons explained below, the Court will grant BOP's motion, deny Plaintiff's motion, and enter judgment accordingly.

It is undisputed that on March 20, 2017, BOP "issued a third supplemental release to Plaintiff," without "the withholdings that were based exclusively on [Exemption 7(E)]." Def.'s Stmt. of Material Facts ¶ 8 (citing Second Decl. of Sharon Wahl ¶ 9). As a result, "[n]o

---

[1] As set out in the initial ruling, Plaintiff, a federal prisoner, sought BOP records related to his request to be released early to a halfway house. BOP located five responsive records and ultimately released all of them with redactions made pursuant to FOIA exemptions 5, 7(C), 7(E) and 7(F). *See* Mem. Op. at 1-2.

1

portions of the released records have now been withheld pursuant to [that exemption] alone."[2] Wahl Decl. ¶ 10.

In his cross-motion for summary judgment, Plaintiff concedes "that there are no remaining issues of material fact." Pl.'s Mot. at 3. He seeks summary judgment nonetheless based on BOP's "untimely release."[3] *Id.* But "[s]ummary judgment is available to the defendant in an FOIA case when the agency proves that it has fully discharged its obligations under the FOIA," *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996), "however fitful or delayed the release of information . . . may be[,]" *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); *see Bayala v. United States Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 34 (D.C. Cir. 2016) ("In the FOIA context, . . . once all the documents are released to the requesting party, there no longer is any case or controversy.") (citing *Perry*)). Accordingly, Defendant's renewed motion for summary judgment is granted, and Plaintiff's motion for summary judgment is denied. A separate order accompanies this Memorandum Opinion.

Date: March 2, 2018

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

---

[2] A court need not consider the applicability of one exemption if the same information is properly withheld under another exemption. *See Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1173 (D.C. Cir. 2011).

[3] Plaintiff also seeks a declaratory judgment, which is not an appropriate remedy in this case. *See Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988) ("A declaration that an agency's initial refusal to disclose requested information was unlawful, after the agency made that information available, would constitute an advisory opinion in contravention of Article III of the Constitution.") (citation omitted)); *Hunton & Williams LLP v. U.S. Envtl. Prot. Agency*, 248 F. Supp. 3d 220, 259 (D.D.C. 2017), quoting *Bangoura v. U.S. Dep't of Army*, 607 F. Supp. 2d 134, 143 n.6 (D.D.C. 2009) ("'FOIA does not create a cause of action for an agency's untimely response to a FOIA request' beyond the ability to seek an injunction from the district court.").